## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jonathan Finley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 18, 2015

Court of Appeals Case No.
49A05-1503-CR-88

Appeal from the Marion Superior Court

The Honorable William J. Nelson, Judge
The Honorable Cheryl Rivera, Judge Pro Tempore

Trial Court Cause No.
49F18-1309-FD-58730

**Baker, Judge.**

[1] Defendant Jonathan Finley appeals his conviction of Class D Felony Theft,[1] arguing that the evidence is insufficient to support the conviction. Finding the evidence sufficient, we affirm.

## Facts

[2] While on his routine patrol in Marion County in the evening hours of September 4, 2013, Police Officer Brian Robertson drove by Team 100 Motor Sports Automotive Dealership. The business had closed, but Officer Robertson noticed that one of the Cadillacs had an open trunk, and decided to investigate. He dimmed his lights and approached the vehicle, where he saw a man—later identified as Finley—leaning into the trunk, "his arms and such . . . moving like he was working with tools." Tr. 15.

[3] Officer Robertson observed the Cadillac's stereo head gear lying on the ground next to Finley's foot. Officer Robertson also found the Cadillac's rear-view mirror, a quarter-inch chrome ratchet, a ten-millimeter socket, and an extension for the socket inside the Cadillac's trunk.

[4] Officer Robertson Mirandized[2] Finley and began making inquiries. Finley said that he did not know how the stereo got outside the vehicle and that the tools did not belong to him. He consented to a search of his minivan, which was parked just outside the dealership. Officer Robertson noticed that the minivan's

---

[1] Ind. Code § 35-42-4-2.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

sliding door was open, and inside, on the driver's side rear passenger seat, he found a socket set. Several tools were missing from the set, including a quarter-inch ratchet, a ten-millimeter socket, and an extension.

On September 9, 2013, the State charged Finley with class D felony theft. On December 22, 2014, the trial court held a bench trial and found him guilty as charged. On February 2, 2015, the trial court sentenced him to 545 days, with 180 days to be served on home detention and 365 days to be served on probation. Finley now appeals.

## Discussion and Decision

Finley makes one argument on appeal: that there is insufficient evidence to support his conviction. Our standard of review for sufficiency of the evidence is well-settled:

> When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. When we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. We will affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. Therefore, it is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision.

*Brummett v. State*, 10 N.E.3d 78, 89 (Ind. Ct. App. 2014) (citations omitted). To convict Finley of theft, the State needed to prove beyond a reasonable doubt that Finley knowingly or intentionally exerted unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use. I.C. § 35-42-4-2(a).

[7] In support of his argument, Finley directs our attention to his trial testimony. Specifically, he testified that he likes to look at used cars on the lot after hours so he will not be harassed by salespeople. Tr. 31. Finley claims that on the night in question, he saw two people leaving the car lot as he arrived. *Id.* at 31-32. He further claims that he popped open the trunk to check out its size, saw the missing panel, and leaned into the trunk to conduct a more thorough investigation. *Id.* at 32-33. Finally, he says that the tools were not his, and the missing pieces in his socket set were hidden under the top layer of the socket set. *Id.* at 34-35.

[8] But all of this evidence was already presented to the factfinder, who deemed it not credible. It is not our role to assess the credibility of these statements. Our role is limited to determining whether the State's evidence could lead a reasonable factfinder to find all the elements established beyond a reasonable doubt.

[9] The State presented the following evidence. Officer Robertson saw the Cadillac with its trunk open. Tr. 13. He pulled up and found Finley partially inside the trunk working with tools. *Id.* at 14. Officer Robertson found three tools from a

socket set inside the trunk of the vehicle. *Id*. at 17. He found the precise corresponding components missing from the socket set inside Finley's vehicle. *Id.* at 19. Finally, the owner of the dealership had not authorized Finley to remove parts from the vehicle. *Id.* at 27.

[10] From this evidence, a reasonable fact-finder could find that Finley exerted control over the stereo and the rear-view mirror; that he did so knowingly; that this property was of another person; that his doing so was unauthorized; and that he had the intent to deprive the other person of its value. The fact-finder would not have been unreasonable in finding Finley's alternative explanation—that he was investigating the inside of the trunk with tools that were not his but exactly matched his socket set—to strain credulity. In sum, the evidence is more than sufficient to sustain the verdict.

[11] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.